```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                         PIKEVILLE DIVISION



IN RE:

BLACK DIAMOND MINING COMPANY, LLC, et al.

DEBTORS                                 CASE NOS. 08-70066 through
                                        08-70067 and 08-70069
                                        through 08-70073

                                        Jointly Administered
```

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion for Relief From Stay (Doc. #152) filed by secured creditor Fifth Third Bank ("Fifth Third"). Therein Fifth Third sought to exercise its rights in a certain deposit account ("the Collateral Account") for reimbursement of funds paid pursuant to a certain letter of credit issued on behalf of Debtor Black Diamond Mining Company, LLC (("BDMC") in favor of The C. Reiss Coal Co. ("the Reiss L/C") and for other costs, including attorneys' fees. The Debtors filed a Limited Objection to Motion for Relief From Stay (Doc. #284), and Fifth Third filed its Response to the Limited Objection (Doc. #391).

After a hearing on April 16, 2008, the court entered an order (Doc. #445) finding that Fifth Third has a senior security interest in the Collateral Account and granting relief from the stay so that Fifth Third could withdraw funds from the Collateral Account for reimbursement of certain funds, interest, and costs. The order reserved the issue of the amount of attorneys' fees that Fifth Third could withdraw from the Collateral Account (Fifth Third claims $231,616.65 in attorneys' fees and expenses through July 31, 2008).

1

That issue was not resolved, and Fifth Third re-noticed its Motion for Relief From Stay on November 21, 2008.  Fifth Third also filed a Supplemental Memorandum in Support of its Motion for Relief From Stay (Doc. #973).  The matter was heard on December 3, 2008, at which time the court instructed counsel for Fifth Third to tender an order setting a briefing schedule and an order of submission.

On December 8, 2008, the court entered an Order Regarding Procedures for Fifth Third Stay Relief Motion(Doc. #1003), which set out briefing times and stated that the matter would be submitted at the conclusion of that period.  The Debtors filed their Response to Fifth Third Bank's Motion for Stay Relief (Doc. #1038), and CIT Capital USA, Inc. ("CIT") filed a Response (Doc. #1040) joining in the relief requested by the Debtors.  The Debtors then filed a Reply to the Debtors' Response (Doc. #1057).  The matter is now ripe for decision.

Fifth Third and BDMC entered into a Deposit Account Pledge and Security Agreement ("the Pledge Agreement") which grants Fifth Third a senior security interest in the Collateral Account for the payment of the "Indebtedness," as that term is defined in paragraph 3 of the Pledge Agreement.  There "Indebtedness" is defined to include three Letter of Credit Reimbursement Agreements, one of which involves the Reiss L/C, providing collateral security for the "payment and performance of all obligations of [BDMC], including but not limited to its reimbursement obligation for any amounts drawn on any Letters of Credit. . ."  (Pledge Agreement, ¶3a-c).

"Indebtedness" also includes Fifth Third's "reasonable attorney's fees . . . in connection with the enforcement of [BDMC's] obligations

[under the Pledge Agreement] or contained in the documents evidencing the Indebtedness . . ." (Pledge Agreement, ¶9e).  The Letter of Credit Reimbursement Agreements also contain language obligating BDMC to pay "reasonable attorney fees" in connection with "any insolvency or bankruptcy proceeding" of BDMC.  (2006 Reimbursement Agreement, ¶2f).  The record in this matter indicates that payment of Fifth Third's reasonable attorney's fees are secured by the Collateral Account.

Fifth Third claims that the Pledge Agreement permits recovery of all attorneys' fees associated with the Debtors' bankruptcy case, that its fee request is reasonable, and that the requested fees are indisputably secured by, and recoverable from, the Collateral Account.  The Debtors respond that Fifth Third's fee request goes beyond what is covered by the Reiss L/C.  Fifth Third states that the legal fees it has incurred in regard to the Debtors' bankruptcy cases may be divided into two categories: 1) fees related to the Reiss L/C and the bankruptcy cases in general and 2) fees related to certain state court litigation involving a guaranty and collateral pledge account by the Ross Harris estate that secures payment of a draw on a letter of credit in favor of Constellation Energy Commodities Group, Inc.  Fifth Third has not explained how or why the second category of fees has any basis in the Collateral Account.  The court will not allow any fee recovery from the Collateral Account in regard to this state court litigation.

As concerns the remainder of the fee request, the Debtors maintain that Fifth Third should not recover any attorney fees pursuant to Bankruptcy Code section 506(b) in that it is undersecured

rather than oversecured, and that, in any event, its fee request is unreasonable as the fees appear excessive.  Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b).  The Debtors state that Fifth Third's position in regard to its collateral has changed since the entry of the order granting relief in April 2008, that it seeks to have that collateral secure more obligations than those embodied in the Reiss L/C, thereby rendering its claim undersecured.

Fifth Third states in response that the Debtors are raising the section 506(b) issue for the first time now, and that in any event the court has already decided that Fifth Third is entitled to fees from the Collateral Account, leaving only the amount to be determined.  The Order entered herein on April 24, 2008, states at ¶2: "Under the terms of its agreements with the Debtors and applicable law, Fifth Third is entitled to payment from the Collateral Account for all fees, costs, and interest, including attorneys' fees, resulting from the draw under letter of credit number CIS406183 issue by Fifth Third."  In this regard, the court finds that the estate's collateral is insufficient, and the value of other non-estate collateral is unknown at this point.  It is therefore not possible to say at this point whether the total collateral has enough value to pay Fifth Third's claim as well as its attorney fees.

The Debtors also maintain that Fifth Third's fee request is excessive.  The spreadsheet attached to Fifth Third's Supplemental

Memorandum shows its total claimed fees and expenses for the period from February 15, 2008 through July 31, 2008 in the amount of $231,616.65.  Of that total, the amount attributable to the Ross Harris Estate/Constellation matter is $82,592.91, leaving $149,023.74 payable at this time.  Upon a review of the fees, the court does not consider this amount excessive, but since the value of collateral is not known at this time, the court cannot say whether Fifth Third is sufficiently secured to realize its section 506(b) claim.  Fifth Third's Motion for Relief from Stay therefore must be, and it hereby is, overruled without prejudice to revisiting the issue upon determination of the value of the collateral.

Copies to:

Lea Pauley Goff, Esq.
Kara Read Marino, Esq.
Charles M Oellermann, Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Monday, March 16, 2009
(wsh)**