```
                   UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF KENTUCKY
                         PIKEVILLE DIVISION
```

IN RE:

BLACK DIAMOND MINING COMPANY, LLC, et al.

DEBTORS                                  CASE Nos. 08-70066, 08-70067,
                                         and 08-70069 through 08-70073

                                         Jointly Administered

## MEMORANDUM OPINION

This matter is before the court on the Fourth and Final Fee Application for Allowance and Payment of Fees and Expenses of Houlihan Lokey Howard & Zukin Capital, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors for the Period of July 5, 2008 Through July 31, 2009 ("the Application")(Doc. #1624). Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") seeks $1,387,096.77 in fees and $28,648.57 in expenses. BD Acquisition, LLC ("BD Acquisition") has filed an Objection (Doc. #1641) and Houlihan Lokey has filed a Response (Doc. #1659). This matter was heard on October 29, 2009, and taken under submission for decision.

1. <u>Factual and procedural background</u>

The Official Committee of Unsecured Creditors selected Houlihan Lokey as its financial advisor in June 2008. The court approved Houlihan Lokey's employment by an order entered on August 7, 2008, *nunc pro tunc* to July 5, 2008 ("the Retention Order")(Doc. #735). On July 23, 2009, the court entered the Order Confirming the Third Amended Joint Plan of Liquidation of Black Diamond Mining Company, LLC and its Affiliated Debtors, as Modified ("the Confirmation

Order")(Doc. #1562).  The effective date of the Plan (Doc. #1458) was July 31, 2009, and the Committee was dissolved on that date pursuant to Section XIII.A of the Plan.

Pursuant to Houlihan Lokey's Engagement Letter and the terms of the Retention Order, compensation to be paid included: (a) monthly fees of $75,000.00 for each of the first six months of the engagement and $100,000.00 for each month thereafter ("the monthly fees"); (b) an Initial Transaction Fee of $250,000.00; ©) a Percentage Transaction Fee equal to 1% of recoveries received by the unsecured, non-priority creditors in this case; and (d) the payment of reasonably incurred out-of-pocket expenses.  Under the terms of the Engagement Letter, as modified by the Retention Order, Houlihan Lokey's Transaction Fees are due and payable upon payment in full in cash, other consideration or treatment acceptable to CIT Capital USA Inc. ("CIT Capital") of the claims of CIT Capital and the other lenders for whom it is agent pursuant to the Senior Credit Agreement, Subordinated Credit Agreement and Subordinated Loan Amendment.  The Debtor's pre-existing senior lenders purchased all of the Debtors' stock and assets through BD Acquisition.

Houlihan Lokey states that it has determined that no Percentage Transaction Fee is due and payable to it.  As of the date of the Application, Houlihan Lokey had been paid monthly fees of $950,000.00 and reimbursed for $26,320.91 in expenses.  The Initial Transaction Fee has not been paid.

2. <u>Discussion</u>

Compensation of professionals is governed by Bankruptcy Code section 328 which provides in pertinent part:

> (a) The trustee, or a committee appointed under section 1102
> of this title, with the court's approval, may employ or
> authorize the employment of a professional person under
> section 327 or 1103 of this title, as the case may be, on
> any reasonable terms and conditions of employment, including
> on a retainer, on an hourly basis, on a fixed or percentage
> fee basis, or on a contingent fee basis.  Notwithstanding
> such terms and conditions, the court may allow compensation
> different from the compensation provided under such terms
> and conditions after the conclusion of such employment, if
> such terms and conditions prove to have been improvident in
> light of developments not capable of being anticipated at
> the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).  BD Acquisition contends that Houlihan Lokey is not entitled to the Transaction Fee because payment of the Transaction Fee is subject to a condition precedent that has not been satisfied, and it is inequitable and improvident in light of unanticipated circumstances.  BD Acquisition further contends that Houlihan Lokey's request for fees and expenses for June and July 2009, taken together with fees of other Committee professionals, exceeds the fee cap in place in this case for those months per the terms of the Order Extending Cash Collateral Usage Through July 31, 2009 ("the Cash Collateral Order")(Doc. # 1452).  BD Acquisition states that the Application should be reduced by any amount which exceeds the fee cap and by the full Transaction Fee.

    a.   <u>The Initial Transaction Fee</u>

Houlihan Lokey contends that it has earned the Initial Transaction Fee under the terms of the Retention Order which provides that it "shall be due and payable only upon payment in full in cash, other consideration or treatment acceptable to [the pre-existing senior lenders]."  BD Acquisition has asserted that the language of the Retention Order requires payment in full, whether in cash, other consideration, or acceptable treatment under the Plan.  It contends

3

that the phrase "payment in full" modifies each of the three choices set out in the Retention Order.  Houlihan Lokey disagrees, stating that phrases stated in the disjunctive and separated by a comma are to be treated independently.  It cites several cases in support of its position, including *Quindlen v. Prudential Ins. Co.*, 482 F.2d 876 (5th Cir. 1973), in which the court stated:

> First, under the doctrine of the last antecedent, relative and qualifying words, phrases, and clauses are to be applied to the works or phrases immediately preceding, and are not to be construed as extending to or including others more remote.
> Second, as a general rule, the use of a disjunctive . . . indicates alternatives and requires that those alternatives be treated separately.

*Id.* at 878 (internal quotations and citations omitted).  Houlihan Lokey states that BD Acquisition's argument that payment in full of all senior lender claims is required to earn the Initial Transaction Fee is not credible in light of the unanimous consent to the Debtors' Plan.  The court agrees with Houlihan Lokey's reading of the language.

Houlihan Lokey also addresses BD Acquisition's argument that payment of the Initial Transaction Fee would be inequitable and improvident in light of current economic conditions, especially the collapse of the coal market.  BD Acquisition contends that the magnitude of the "economic disruption" was "entirely unforeseeable." Houlihan Lokey counters that the proper inquiry under section 328(a) is not whether subsequent developments were anticipated at the time compensation was fixed, but whether they were "not capable of being anticipated" at such time.  11 U.S.C. §328(a).  As stated by the court in *F.V. Steel and Wire Co. v. Houlihan Lokey Howard & Zukin Capital, L.P.*, 350 B.R. 835 (Bankr. E.D. Wisc. 2006),

> The § 328 standard is a demanding one. *See In re Yablon*, 136 B.R. 88, 92 (Bankr. S.D. N.Y. 1992) (stating that "the requirement of 'improvidence in light of developments not capable of being anticipated at the time' makes it difficult, as a practical matter, for a court to vary compensation even when it thinks that it was improvident at the outset") (quoting *In re C & P Auto Trans.*, 94 B.R. 682, 686 n. 5 (Bankr. E.D. Cal. 1988)); *see also In re Barron*, 325 F.3d 690, 693 (5th Cir. 2003) (noting the limitations on bankruptcy courts' ability to revise pre-approved fee arrangements and stating that it is not enough that the developments that made the plan improvident were merely unforeseen, they had to have been incapable of being anticipated).

*Id.* at 841. The court agrees with Houlihan Lokey that BD Acquisition has not met the section 328(a) standard for showing that the pre-approved compensation arrangement was improvident, and that Houlihan Lokey is entitled to the Initial Transaction Fee.

    b.   <u>Monthly fees and expenses</u>

The Application requests monthly fees in the amount of $100,000.00 for services rendered from June 5, 2009 through and including July 4, 2009 and $87,096.77 (amount pro-rated through the effective date of the Plan) for services rendered from July 5, 2009 through and including July 31, 2009. Houlihan Lokey states that the fee cap set forth in the Cash Collateral Order was never intended to include its fees and expenses. It points out that in previously entered orders imposing a fee cap, its fees and expenses were never "lumped in" with those of the Committee's other professionals. Houlihan Lokey cites the Order Extending Cash Collateral Usage Through June 1, 2009 (Doc. # 1164), which budgeted $175,000.00 per month for the Committee's professionals **plus** monthly amounts payable to Houlihan Lokey pursuant to the Retention Order.

Houlihan Lokey further contends that reducing its fees and

expenses for June and July would be contrary to the terms of the Retention Order, which approved Houlihan Lokey's compensation arrangement pursuant to Code section 328(a). As set out above, the terms and conditions of compensation approved under that section can only be disturbed upon a finding of improvidence. BD Acquisition has not alleged any facts that would support a finding that payment of the monthly fees requested would be improvident. The court agrees with this assertion, and finds, especially in light of the history of Houlihan Lokey's treatment in prior cash collateral orders, that BD Acquisition's objection to Houlihan Lokey's requested fees and expenses for the months of June and July 2009 should be overruled.

3. <u>Conclusion</u>

In consideration of all of the foregoing the court concludes that Houlihan Lokey should be awarded $1,387,096.77 in fees and $28,648.57 in expenses, as set out in the Application. An order in conformity with this opinion will be entered separately.

Copies to:

Geoffrey S. Goodman, Esq.
Robert J. Brown, Esq.
U.S. Trustee

6

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
<u>*William S. Howard*</u>
**Bankruptcy Judge**
**Dated: Friday, December 11, 2009**
**(wsh)**